UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIA JIA ZHENG, as Administrator of the Estate of E.L.,

    Plaintiff,

        v.

UNITED STATES OF AMERICA,

    Defendant.

25 Civ. 3695 (MKV)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

 

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for Defendant
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2713
Email: mark.osmond@usdoj.gov

    MARK OSMOND
Assistant United States Attorney
      - Of Counsel -

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ..............................................................................................................................1

STANDARD OF REVIEW ...............................................................................................................3

ARGUMENT ....................................................................................................................................4

    I.    Plaintiff's FTCA Claim Is Time-Barred ...................................................................4

        A.  Plaintiff Failed to Administratively Exhaust Within the FTCA's Two-Year Statute of Limitations ...................................................................................4

    II.   Equitable Tolling Does Not Apply ..........................................................................6

        A.  Plaintiff Cannot Demonstrate That She Pursued Her Rights Diligently or That Extraordinary Circumstances Stood in Her Way ........................................6

        B.  Plaintiff's Argument for Equitable Tolling Fails as a Matter of Law ......................8

CONCLUSION ................................................................................................................................10

# TABLE OF AUTHOURITIES

Page(s)

**Case**s

*A.Q.C. ex rel. Castillo v. United States*,

   656 F.3d 135 (2d Cir. 2011)............................................................................................ 4, 6, 8

*Aldabe v. Sulllivan & Cromwell LLP*,

   No. 23 CIV 850 (AT) (GWG), 2023 WL 6566673 (S.D.N.Y. Oct. 10, 2023)........................... 3

*Anderson v. Liberty Lobby, Inc.*,

   477 U.S. 242 (1986)..................................................................................................................4

*Ashcroft v. Iqbal*,

   556 U.S. 662 (2009)..................................................................................................................3

*Barone v. United States*,

   No. 12 Civ. 4103 (LAK), 2014 WL 4467780 (S.D.N.Y. Sept. 10, 2014) ...................................5

*Barrie v. Garland*,

   No. 20-1787, 2023 WL 141216 (2d Cir. Jan. 10, 2023)........................................................... 10

*Barshay v. Naithani*,

   No. 20 CIV. 8579 (KPF), 2023 WL 2051170 (S.D.N.Y. Feb. 16, 2023)....................................8

*Bell Atl. Corp. v. Twombly*,

   550 U.S. 544 (2007)..................................................................................................................3

*Brown v. United States,*

   No. 1:22-CV-0394 (GTS/DJS) 2024 WL 2834969 (N.D.N.Y. June 4, 2024)........................ 6, 7

*Chambers v. Time Warner, Inc.*,

   282 F.3d 147 (2d Cir. 2002).......................................................................................................3

*Contrera v. Langer*,

    290 F. Supp. 3d 269 (S.D.N.Y. 2018)......................................................................................... 3

*DiFolco v. MSNBC Cable LLC*,

    622 F.3d 104 (2d Cir. 2010).......................................................................................................... 3

*Flora Ko v. JP Morgan Chase Bank, N.A.*,

    16-cv-7707 (DAB), 2017 WL 3610586 (S.D.N.Y. July 31, 2017)............................................. 5

*Ghartey v. St. John's Queens Hosp.*,

    869 F.2d 160 (2d Cir. 1989).......................................................................................................... 3

*Halebian v. Berv*,

    644 F.3d 122 (2d Cir. 2011).......................................................................................................... 3

*Hamm v. United States*,

    483 F.3d 135 (2d Cir. 2007).......................................................................................................... 4

*Hunter v. United States Postal Serv.*,

    No. 19-CV-2572 (BMC) (PK), 2020 WL 804946 (E.D.N.Y. Feb. 18, 2020) ........................... 4

*Johnson v. Al Tech Specialties Steel Corp.*,

    731 F.2d 143 (2d Cir. 1984).......................................................................................................... 5

*La Russo v. St. George's Univ. School of Med.*,

    747 F.3d 90 (2d Cir. 2014)............................................................................................................ 5

*Pace v. DiGuglielmo*,

    544 U.S. 408 (2005)...................................................................................................................... 6

*Palmer-Williams v. United States*,

    No. 14 Civ. 9260 (CS), 2016 WL 676465 (S.D.N.Y. Feb. 18, 2016)......................................... 7

*Perez v. Mason Tenders Dist. Council Tr. Funds*,

    No. 17-cv-1022 (PAE) (AJP), 2017 WL 5125542 (S.D.N.Y. Nov. 1, 2017) .............................. 5

*Port Distrib. Corp. v. Pflaumer*,

    880 F. Supp. 204 (S.D.N.Y. 1995) .................................................................................... 9

*Pryce v. United States*,

    No. 21 CIV. 1698 (KPF), 2022 WL 3155842 (S.D.N.Y. Aug. 8, 2022) .................................. 6

*Rashid v. Mukasey*,

    533 F.3d 127 (2d Cir. 2008) .............................................................................................. 10

*Rigo Limo Auto Corp. v. United States*,

    No. 22 Civ. 1207, 2022 WL 17544232 (E.D.N.Y. Dec. 2, 2022) ............................................. 5

*Simmons v. Trans Express Inc.*,

    16 F.4th 357 (2d Cir. 2021) ................................................................................................ 3

*U.S. on Behalf of Small Bus. Admin. v. Richardson*,

    889 F.2d 37 (3d Cir. 1989) .................................................................................................. 9

*Ulrich v. Veterans Admin. Hosp.*,

    853 F.2d 1078 (2d Cir. 1988) ............................................................................................. 4

*United States v. Banks*,

    No. 06 CIV. 0786 (DC), 2006 WL 2927235 (S.D.N.Y. Oct. 13, 2006) .................................. 8

**Rules**

Fed. R. Civ. P. 56(a) ............................................................................................................. 3

Fed. R. Civ. P. 56(c) ............................................................................................................. 4

**Statutes**

28 U.S.C. 1346(b) ................................................................................................................. 8

28 U.S.C. § 2401(b) .............................................................................................................. 4

42 U.S.C. 254b....................................................................................................................... 7

42 U.S.C. § 233(g) ................................................................................................................. 2

Defendant United States of America (the "Government"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion to dismiss the Complaint, Dkt. No. 6 ("Compl."), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment pursuant to Rule 56.

## PRELIMINARY STATEMENT

Jia Jia Zheng, as administrator of the estate of E.L. ("Plaintiff"), brings this action under the Federal Tort Claims Act ("FTCA") based on allegations that the federally funded Charles B. Wang Community Health Center ("Wang Health Center") and its employees, including Dr. Allan Ho ("Dr. Ho"), committed medical malpractice in connection with the Cesarean delivery of the decedent E.L. in August 2020. Under the FTCA, Plaintiff had two years to file an administrative tort claim ("SF-95") with the U.S. Department of Health & Human Services ("HHS"). Despite receiving express notice in September 2022 that her claims against Wang Health Center and Dr. Ho were governed by the FTCA, Plaintiff failed to file an SF-95 until July 2024—nearly two years after the statute of limitations expired. Plaintiff cannot show that she exercised reasonable diligence or that some extraordinary circumstances prevented her from timely exhausting her administrative remedies. Any claim of equitable tolling would therefore fail as a matter of law. For these reasons, this case must be dismissed as untimely under Rule 12(b)(6) or, alternatively, Rule 56.

## BACKGROUND

The complaint arises out of the Cesarean delivery of the decedent E.L. on August 15, 2020, which allegedly involved certain employees of the federally qualified Wang Health Center, including Dr. Ho. Compl. ¶¶ 6, 17, 24. Plaintiff alleges that the "c-section and delivery"—which took place at New York Presbyterian Lower Manhattan Hospital ("New York Presbyterian")—

1

was "inordinately delayed causing the neonatal demise of the infant." *Id.* ¶ 24; Ex. D (Plaintiff's SF-95).[1]

Plaintiff filed a lawsuit in New York State Supreme Court on August 12, 2022, asserting claims of medical malpractice against New York Presbyterian, Wang Health Center, and Dr. Ho. Ex. A (Plaintiff's Summons and Verified Complaint). On September 2, 2022, Wang Health Center filed a verified answer in state court, which expressly noted that the facility was a "Federally Deemed Health Center" and that Dr. Ho was being sued for care that he rendered within the scope of his employment at the Wang Health Center. Ex. B (Wang Health Center's Verified Answer) at 2, 6, 7. The answer also asserted that the New York state court lacked jurisdiction over Dr. Ho and Wang Health Center because "allegations of medical malpractice against the facility or any of its employees can only be brought under the Federal Tort Claims Act [FTCA] in the appropriate Federal Jurisdiction." *Id.* at 6, 7.

On March 21, 2024, following the U.S. Attorney's certification of Dr. Ho's and Wang Health Center's status as United States employees under 42 U.S.C. § 233(g), this Office removed the case from state court to this District. *See Zheng v. New York Presbyterian Lower Manhattan Hospital*, No. 24-cv-02136-MMG ("*Zheng I*"), Dkt. No. 1 (Notice of Removal), Dkt. No. 1-2 (U.S. Attorney's Certification).

On May 13, 2024, Plaintiff stipulated to dismiss claims against Wang Health Center and Dr. Ho without prejudice, and the Court so-ordered the stipulation on May 16, 2024. Ex. C (Stipulation and Order of Dismissal Without Prejudice).[2] On July 15, 2024, Plaintiff filed an SF-95 with HHS based on alleged malpractice that occurred during the previously mentioned c-

---

[1] All exhibits cited herein are annexed to the Declaration of Mark Osmond, filed herewith.
[2] By separate order, the Court remanded Plaintiff's claims against New York Presbyterian to state court. *Zheng I*, Dkt. No. 15.

2

section. Ex. D. HHS denied the claim on November 4, 2024 (Compl. ¶ 3), and Plaintiff commenced this action on May 2, 2025. Dkt. No. 1.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in . . . a Rule 12(b)(6) motion . . . for failure to state a claim upon which relief can be granted." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). When deciding a Rule 12(b)(6) motion, a court may consider "documents attached to," "integral" to, or "incorporated by reference in the complaint." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (quotation marks omitted). "Courts may also properly consider '. . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011). Further, courts are "permitted to consider matters of which judicial notice may be taken." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) (quotation marks omitted). This includes "filings in state or federal court." *Aldabe v. Sulllivan & Cromwell LLP*, No. 23 CIV 850 (AT) (GWG), 2023 WL 6566673, at *3 (S.D.N.Y. Oct. 10, 2023) (quoting *Contrera v. Langer*, 290 F. Supp. 3d 269, 278 n.5 (S.D.N.Y. 2018)), *report and recommendation adopted*, 2023 WL 7184423 (S.D.N.Y. Nov. 1, 2023).

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Fed. R. Civ. P. 56(a).

---

[3] To ensure that the Court can consider all information relevant to its motion, the Government moves for summary judgment in the alternative under Rule 56. *But see Chambers v. Time*

3

To demonstrate that a fact is genuinely in dispute, an opposing party must "cite[] to particular parts of materials in the record," *see* Fed. R. Civ. P. 56(c), and not merely rely on allegations or denials in its own pleading. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted).

## ARGUMENT

I.  **Plaintiff's FTCA Claim Is Time-Barred**

   A.  **Plaintiff Failed to Administratively Exhaust Within the FTCA's Two-Year Statute of Limitations**

The FTCA "constitutes a limited waiver by the United States of its sovereign immunity" that "allows for a tort suit against the United States under specified circumstances." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (quotation marks omitted). One of the preconditions set by the FTCA is that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Unless the injury is difficult to discern at the time it is inflicted, "FTCA medical malpractice claims accrue 'at the time of injury.'" *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 139 (2d Cir. 2011); *see also Ulrich v. Veterans Admin. Hosp.*, 853 F.2d 1078, 1080 (2d Cir. 1988) ("Federal law determines when the period of limitations in § 2401(b) begins to run."). "Because the FTCA is an instance of the waiver of sovereign immunity, its terms and limitations must be strictly construed and applied." *Hunter v.*

---

*Warner, Inc.*, 282 F.3d 147, 153–54 (2d Cir. 2002) ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

4

*United States Postal Serv.*, No. 19-CV-2572 (BMC) (PK), 2020 WL 804946, at *2 (E.D.N.Y. Feb. 18, 2020).

Courts in this Circuit have consistently held that statutes of limitations should be strictly enforced and, "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (quotation marks omitted); *see also La Russo v. St. George's Univ. School of Med.*, 747 F.3d 90, 100-101 (2d Cir. 2014) (medical malpractice claim filed one day late due to "mere oversight or mistake" was untimely); *Flora Ko v. JP Morgan Chase Bank, N.A.*, 16-cv-7707 (DAB), 2017 WL 3610586, at *3 (S.D.N.Y. July 31, 2017) (dismissed as untimely because filed two days late); *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17-cv-1022 (PAE) (AJP), 2017 WL 5125542 at *3 (S.D.N.Y. Nov. 1, 2017) (dismissed as untimely because filed two days late), *aff'd*, 742 F. App'x 584 (2d Cir. 2018).

Here, the injury occurred on August 15, 2020, and yet Plaintiff did not file an SF-95 with HHS until July 15, 2024—nearly four years later and almost two years after the statute of limitations expired. *See* Ex. D. As a result, the Complaint is untimely and should be dismissed on that basis. *See, e.g.*, *Rigo Limo Auto Corp. v. United States*, No. 22 Civ. 1207, 2022 WL 17544232, at *2–3 (E.D.N.Y. Dec. 2, 2022) (dismissing FTCA claims as time-barred under Rule 12(b)(6)); *Barone v. United States*, No. 12 Civ. 4103 (LAK), 2014 WL 4467780, at *13 (S.D.N.Y. Sept. 10, 2014) (dismissing as time-barred claims filed with the agency later than two years after claims accrued).

## II.     Equitable Tolling Does Not Apply

### A.     Plaintiff Cannot Demonstrate That She Pursued Her Rights Diligently or That Extraordinary Circumstances Stood in Her Way

To the extent Plaintiff contends that she is entitled to equitable tolling, Plaintiff cannot meet the high standard required for such relief. *See A.Q.C.*, 656 F.3d at 144 ("litigant seeking equitable tolling bears the burden" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). A plaintiff seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace*, 544 U.S. at 418). "Because statutes of limitations protect important social interests in certainty, accuracy, and repose, . . . equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *Id.* (quotation marks, citations, and alteration omitted).

Here, Plaintiff cannot establish that either required element is met. First, Plaintiff cannot show that she has been pursuing her rights diligently. She brought an action in New York State Supreme Court in August 2022, shortly before the lapse of the FTCA's statute of limitations. However, "that Plaintiff filed a state court action that was timely under state law does not represent a diligent pursuit of her FTCA claim," as "Plaintiff cannot properly sue the United States in New York state court for medical malpractice." *Brown v. United States*, No. 1:22-CV-0394 (GTS/DJS), 2024 WL 2834969, at *9 (N.D.N.Y. June 4, 2024). Plaintiff's claim would thus be time-barred even in the absence of other facts, as courts in this Circuit generally hold plaintiffs—especially those represented by counsel—responsible for ascertaining whether tort claims arise under the FTCA and must be brought in federal court. *See, e.g.*, *A.Q.C.*, 656 F.3d at 145 (counsel that "neglected to take [the] simple step" of "investigat[ing] the federal nature of potential defendants" cannot "now argue that it diligently pursued this claim"); *Pryce v. United*

*States*, No. 21 CIV. 1698 (KPF), 2022 WL 3155842, at *8 (S.D.N.Y. Aug. 8, 2022) ("Plaintiff's counsel's lack of diligence" is "demonstrated by filing suit in the wrong court").[4] Certainly, Plaintiff cannot show that she pursued her rights diligently after Wang Health Center filed an answer in state court in September 2022, expressly stating that the claims against Wang Health Center and Dr. Ho were governed by the FTCA and that the state court lacked jurisdiction. Ex. B at 2, 6, 7. After receiving this express notice, Plaintiff took no action to administratively exhaust for almost two more years—until filing an SF-95 in July 2024. *See* Ex. D. This delay is the opposite of diligence. *See Brown*, 2024 WL 2834969, at *9 (no diligence where "Plaintiff and her counsel knew or at least should have known . . . that her relevant claim . . . was subject to the FTCA" months before the SF-95 was filed); *Palmer-Williams v. United States*, No. 14 Civ. 9260 (CS), 2016 WL 676465, at *7 (S.D.N.Y. Feb. 18, 2016) (equitable tolling is limited to those "who have not contributed to the delay" (quotation marks omitted)), *aff'd*, 675 F. App'x 70 (2d Cir. 2017).

Second, Plaintiff cannot establish that some extraordinary circumstance prevented her from timely exhausting her administrative remedies. As noted above, the federal status of her claims against Wang Health Center and Dr. Ho were readily discoverable. *See supra* n.4. Even

---

[4] Indeed, Plaintiff could and should have determined the federal status of Wang Health Center virtually immediately, as the facility's federal status is public information and readily available online. *See, e.g.*, https://findahealthcenter.hrsa.gov/ (search Charles B. Wang Community Health Center or the zip code of any of its locations); https://www.cbwchc.org/ ("Charles B. Wang Community Health Center is a Health Center Program Grantee under 42 U.S.C. 254b, and a deemed Public Health Service employee under 42 U.S.C. 233(g)–(n). This Health Center receives HHS funding and has Federal Public Health Service (PHS) deemed status with respect to certain health or health-related claims, including medical malpractice claims, for itself and its covered individuals."); *see also Brown*, 2024 WL 2834969, at *3 n.4, *10 (discussing the "very obvious [online] search option to locate" federally qualified clinics and noting that "the applicability of the FTCA was obvious from [the federal clinic's] website such that reasonable investigation would have notified Plaintiff and her counsel of the need to comply with the FTCA's requirements even if she was not personally aware").

7

after receiving express notice that the FTCA covered her claims in September 2022 (Ex. B), Plaintiff waited nearly two years—until July 2024—to file an SF-95. *See* Ex. D. Parties seeking equitable tolling must show that they were "unable to pursue [their] legal rights during the *entire period* that [they] seek[] to toll." *United States v. Banks*, No. 06 CIV. 0786 (DC), 2006 WL 2927235, at *5 (S.D.N.Y. Oct. 13, 2006) (emphasis added). Plaintiff cannot feasibly show that some extraordinary circumstances prevented her from filing an administrative claim between September 2022 and July 2024, nor has she alleged any such circumstances. *See A.Q.C.*, 656 F.3d at 145 ("no extraordinary obstacle prevented [counsel] from identifying [doctor's] federal status" because such information was publicly available and therefore counsel "cannot now claim that the federal nature of this action was somehow hidden from view").

Because Plaintiff cannot show that she exercised reasonable diligence or that extraordinary circumstances prevented her from exhausting available remedies during the nearly four-year period following the injury, equitable tolling does not apply, and the case should therefore be dismissed as untimely.

B.     **Plaintiff's Argument for Equitable Tolling Fails as a Matter of Law**

In her opposition to the Government's pre-motion conference letter (Dkt. No. 12), Plaintiff argues that her claims should be equitably tolled based on language in the stipulation dismissing *Zheng I* without prejudice, which states: "Plaintiff is allowed to proceed [*sic*] the administrative claim pursuant to 28 U.S.C. 1346(b), 2401(b), 2671-2680."[5] Ex. C. Plaintiff also

---

[5] Based on the Government's review of contemporaneous emails, it is evident that Plaintiff's counsel inserted this ungrammatical language into the stipulation of dismissal—originally drafted by the Government—without notifying the assigned Assistant U.S. Attorney, who was unaware of its inclusion when he countersigned and filed the stipulation. Plaintiff's counsel's conduct, however, is immaterial because, as discussed herein, the *Zheng I* stipulation does not, on its face, waive, toll, or otherwise affect the statute of limitations, which had long passed by the time Plaintiff filed her SF-95. *See, e.g.*, *Barshay v. Naithani*, No. 20 CIV. 8579 (KPF), 2023

cites emails with the Assistant U.S. Attorney assigned to *Zheng I*, who informed Plaintiff's counsel that the stipulation of voluntary dismissal would do "nothing [to] prevent[] you from filing the administrative claim." Dkt. No. 12. Plaintiff's argument for tolling fails for at least two reasons: (1) the stipulation and related communications merely confirm Plaintiff's ability to file an administrative tort claim, without suggesting that the statute of limitations was waived or tolled; and (2) even if tolling did result from the stipulation and related communications (which it does not), the period tolled would be immaterial, as the relevant communications did not start until March 2024 and the stipulation was not filed until May 2024—well after the statute of limitations had expired.

First, the plain language of the stipulation—and the related communications with the assigned Assistant U.S. Attorney—simply confirm that Plaintiff could file an administrative claim, which she could do and, in fact, did in July 2024. *See* Ex. D; Dkt. No. 12. The stipulation says nothing about waiving or tolling the statute of limitations, and no waiver can be inferred from the stipulation's generalized language. *See U.S. on Behalf of Small Bus. Admin. v. Richardson*, 889 F.2d 37, 40 (3d Cir. 1989) (noting that any "'promise of the defendant not to raise the defense of the expiration of the limitations period must either be express or couched in words clearly conveying the defendant's intention not to plead the statutory bar'" and holding that the "language 'at any time' lacks sufficient specificity . . . to . . . waive[] . . . the statute of limitations"); *Port Distrib. Corp. v. Pflaumer*, 880 F. Supp. 204, 211 (S.D.N.Y. 1995) (discussing the "general principle" that a "a clear manifestation of intent" is required to "waive[] . . . a known right"), *aff'd*, 70 F.3d 8 (2d Cir. 1995).

---

WL 2051170, at *9 (S.D.N.Y. Feb. 16, 2023) (because "[s]tipulation of [s]ettlement" is "clear and unambiguous on its face," "'extrinsic (parol) evidence . . . is properly excluded.'" (quotation marks and citations omitted), *aff'd*, No. 23-382, 2023 WL 8708424 (2d Cir. Dec. 18, 2023)).

Second, even if the stipulation and related communications could form the basis for tolling (which they cannot), the period tolled would be immaterial. The statute of limitations lapsed in August 2022—19 months before the parties even began discussing the stipulation (in March 2024) and 21 months before the stipulation was signed (in May 2024). Dkt. No. 12 at 2; Ex. C. Thus, the stipulation and related communications would, at most, toll a few months—from either March or May 2024 to July 2024 (when Plaintiff's SF-95 was filed). But, again, to receive equitable tolling a party must "demonstrate that [s]he 'exercised due diligence during the *entire period*' to be tolled." *Barrie v. Garland*, No. 20-1787, 2023 WL 141216, at *1 (2d Cir. Jan. 10, 2023) (emphasis added) (quoting *Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008)). Even if Plaintiff received the benefit of a few months of tolling, she would fall far short of this requirement.

## CONCLUSION

For these reasons, the Government respectfully requests that the Court dismiss the Complaint in its entirety under Rule 12(b)(6) or, alternatively, grant the Government summary judgment under Rule 56.

Dated: New York, New York
August 11, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ Mark Osmond
Mark Osmond
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2713
Email: mark.osmond@usdoj.gov

10

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,211 words.